Matter of DeSantiago-Keene (2023 NY Slip Op 04315)

Matter of DeSantiago-Keene

2023 NY Slip Op 04315

Decided on August 16, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
JOSEPH J. MALTESE, JJ.

2021-01891 

[*1]In the Matter of Gareth David DeSantiago-Keene, also known as Gareth David De Santiago-Keene, also known as Gareth DeSantiago-Keene, also known as Gareth David Santiago-Keene, admitted as Gareth D. Keene, an attorney and counselor-at-law. (Attorney Registration No. 1925668)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 30, 1984, under the name Gareth D. Keene. By order to show cause dated May 19, 2022, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey dated March 22, 2022.

Courtny Osterling, White Plains, NY (Thomas Graham Amon of counsel), for the Grievance Committee for the Ninth Judicial District.

PER CURIAM.

OPINION & ORDER
By order dated March 22, 2022, the Supreme Court of New Jersey suspended the respondent from the practice of law for a period of three months, effective April 25, 2022, for violating New Jersey Rules of Professional Conduct (hereinafter RPC) rules 1.15(d) (failure to comply with the recordkeeping requirements of New Jersey Rules of Court rule 1:21-6), 5.5(a)(2) (assisting another in the unauthorized practice of law), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
The New Jersey Disciplinary Proceeding 
The respondent was admitted to the New Jersey Bar in 1980 and to the New York Bar in 1984. He stipulated to the following facts in his disciplinary proceeding: In 2015, Joanne Faber retained the respondent to defend a foreclosure action filed against her by The Bank of New York. When the respondent attempted to file a response to the foreclosure complaint, he learned that he was required to file electronically through eCourt. Because the respondent was not "computer savvy," he accepted Faber's offer to create his eCourt account using her personal computer and [*2]linking the eCourt account to Faber's personal bank account for court/filing fees. Faber also created a new email address to be associated with the eCourt account rather than using one that the respondent had been using. Ultimately, Faber was in "complete control" of the respondent's eCourt account.
On July 30, 2015, in an unrelated matter, Faber filed a pro se tax appeal against the Township of Toms River in the New Jersey Tax Court. After several adjournments at the request of Faber, the judge set a trial date for December 7, 2016. On November 16, 2016, Faber requested the respondent's assistance in the Tax Court matter. The respondent agreed and directed Faber to consult with Ricardo Gonzalez as the backup attorney while the respondent was in Ukraine from November 30, 2016, through December 14, 2016. On December 1, 2016, Faber filed a substitution of attorney in the Tax Court matter naming the respondent as the substituting attorney even though she previously told the respondent that she had found another attorney to take over the case. Faber also filed a letter via eCourt, purportedly from the respondent and written on his letterhead, stating that he was requesting an adjournment because he was traveling out of the country for an urgent family matter. The letter further stated that the respondent was aware that Faber had previously requested adjournments due to medical reasons and that he had seen proof from a medical professional to verify Faber's medical situation. Faber was previously ordered by the court to produce proof of her medical illness, which she had not done.
As a result of this letter, the Tax Court adjourned the trial date to January 20, 2017, and an email was sent to the respondent concerning the new court date. The respondent forwarded this email to Faber. The respondent was leaving for another trip to the Ukraine and would not be able appear in court on January 20, 2017. He failed to contact the court concerning his anticipated absence.
On January 13, 2017, without the respondent's knowledge, Faber filed a letter brief on the respondent's letterhead opposing a motion from the Township of Toms River. Faber appeared in the Tax Court on January 20, 2017, informed the court that the respondent was out of the country, and claimed that she expected another attorney to be present to represent her, which did not occur.
The Tax Court then scheduled an order to show cause hearing for February 17, 2017, to determine whether the respondent should be sanctioned for his failure to appear on January 20, 2017. On February 16, 2017, the respondent emailed Faber to call him "asap" to discuss the order to show cause hearing. Faber replied by email attaching a substitution of attorney form reflecting the respondent as the outgoing attorney and that Faber was to proceed pro se.
The respondent then sent a letter to the Tax Court enclosing the substitution of attorney form Faber prepared and claimed that he had missed the order to show cause hearing due to car trouble. The court denied the respondent's request to withdraw as counsel due to its improper form and rescheduled the sanction hearing for March 3, 2017. On March 7, 2017, the respondent appeared in court and he was relieved as Faber's counsel.
Based on the forgoing, the respondent admitted, and the Disciplinary Review Board (hereinafter DRB) found, that the respondent violated RPC rules 5.5(a)(2) by aiding Faber in the unauthorized practice of law, and 8.4(d) by failing to advise the Tax Court of his anticipated absence for a scheduled hearing date. The respondent also admitted to not maintaining his client files for Faber's foreclosure and tax appeal matters in violation of New Jersey Rules of Court rule 1:21-6(c)(1)(A), and thus, RPC rule 1.15(d).
In aggravation, the DRB noted that the respondent committed this misconduct while a prior disciplinary matter against him was still pending. In mitigation, the DRB noted that the respondent's misconduct was not driven by a desire for pecuniary gain. The respondent agreed during oral argument before the DRB that a three-month suspension was appropriate. In an order [*3]dated March 22, 2022, the Supreme Court of New Jersey affirmed the DRB report and suspended the respondent from the practice of law in New Jersey for a period of three months, effective April 25, 2022.
New York Proceeding 
By order to show cause dated May 19, 2022, this Court directed the respondent to show cause why discipline should not be imposed upon him pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey dated March 22, 2022, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Ninth Judicial District on or before July 5, 2022. Although the respondent was duly served with the order to show cause dated May 19, 2022, he has neither submitted a response thereto nor requested additional time to do so. Therefore, the respondent waived his ability to assert any applicable defense under 22 NYCRR 1240.13(b) or otherwise put forth any mitigating evidence.
Findings and Conclusion 
Based on the admitted misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey dated March 22, 2022, we find that the imposition of reciprocal discipline is warranted, and conclude that the respondent should be suspended from the practice of law for a period of three months.
LASALLE, P.J., DILLON, DUFFY, BARROS and MALTESE, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Gareth David DeSantiago-Keene, also known as Gareth David De Santiago-Keene, also known as Gareth DeSantiago-Keene, also known as Gareth David Santiago-Keene, admitted as Gareth D. Keene, is suspended from the practice of law for a period of three months, commencing September 16, 2023, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 16, 2023. In such application (see id. §§ 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Gareth David DeSantiago-Keene, also known as Gareth David De Santiago-Keene, also known as Gareth DeSantiago-Keene, also known as Gareth David Santiago-Keene, admitted as Gareth D. Keene, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. ); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Gareth David DeSantiago-Keene, also known as Gareth David De Santiago-Keene, also known as Gareth DeSantiago-Keene, also known as Gareth David Santiago-Keene, admitted as Gareth D. Keene, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Gareth David DeSantiago-Keene, also known as [*4]Gareth David De Santiago-Keene, also known as Gareth DeSantiago-Keene, also known as Gareth David Santiago-Keene, admitted as Gareth D. Keene, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court